IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES FREEMAN, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:10-CV-2502
:
NORTHUMBERLAND COUNTY : (Judge Munley)
et al., :
:
    Defendants :

## ORDER

**Background**

James Freeman ("Plaintiff"), an inmate presently confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Defendants included PrimeCare Medical, Inc. ("PrimeCare"), a corporate entity which provides medical services to the inmate population at the Northumberland County Prison, and three of its employees Vice President Francis J. Komykoski, Carolyn Hackenburg, L.P.N., and Doctor Robert Hynick (collectively the "Medical Defendants").

According to his Complaint, Plaintiff has been periodically confined in the Northumberland County Prison since 2009. Many of Freeman's pending claims concern the medical care which was provided to him during those periods. With respect to the Medical Defendants, the Complaint initially asserts that "doctors only come in one time a

1

week," at certain times there was mo medical staff working on weekends, and he has "been denied treatment for serious medical needs." Doc. 1, at ¶ 1. Plaintiff next claims that there was deliberate indifference to a groin injury he suffered on a weekend evening because no medical staff was on duty. While his Complaint admits that a correctional officer promptly gave him Advil for his injury, Plaintiff adds that he had to wait almost a week before being seen by a physician. In addition, he was purportedly told by Doctor Hynick "that he would not do anything for me because I [sic] was a state inmate and would not be there long." Id..

Freeman's third claim contends that he broke out in a rash, bumps and boils on my chest and back because he was exposed to prisoners with MRSA. Next, Plaintiff alleges that after being sprayed with OC, a chemical agent his eyes and skin started to burn. However, the prison nurses told him that there was nothing they could do for his condition and he points out that there were no nurses on duty between the hours of 10:00 p.m. and 6:00 a.m.

Plaintiff also maintains that his shoulder "is messed up real bad" from being required to wear restraints during recreation and whenever he left his cell. Id. at ¶ 12.. Freeman contends that the prison medical staff was deficient for not ordering either an x-ray or MRI testing and he had to wait almost three (3) weeks before being seen by a doctor 'who only issued me Ibuprofen." Id. at ¶ 12. The Complaint further indicates that due to inadequate weekend staffing by PrimeCare, there was a delay in receiving initial

2

treatment from Nurse Hackenburg.

Medical Defendants responded to the Complaint by filing a motion to dismiss By Memorandum and Order dated March 5, 2012, the motion to dismiss was granted. Specifically it was determined that: (1) Plaintiff's action to the extent that it sought injunctive relief based upon actions which occurred during his prior confinement at the Northumberland County Prison was subject to dismissal on the basis of mootness; (2) since there were no allegations that Defendants Komykoski or PrimeCare enacted any policy, custom, or procedure which prevented timely delivery of medical services to Freeman or otherwise caused him to receive inadequate care those two Defendants were entitled to entry of dismissal; (3) based upon Plaintiff's vague assertions, he has not adequately set forth facts which could support a determination that his rash constituted a serious medical need. As required to set forth a viable deliberate indifference claim[1]; and (4) the Complaint lacked factual assertions which could support a claim that Freeman had any injury or condition that was not treated or ignored or which could support a claim that Plaintiff had any injury or condition which was aggravated due to a delay in being provided with medical attention.

Based upon those considerations, the Medical Defendants' motion to dismiss (Doc. 25) was granted and jurisdiction was declined with respect to any state law claims against

---

[1] See generally Stankowski v. Farley, 251 Fed. Appx. 743, 748 (3d Cir. 2007)(minor injuries do not satisfy serious medical need requirement).

3

the Medical Defendants. Presently pending is Plaintiff's motion requesting reconsideration of the March 5, 2012 Memorandum and Order. See Doc. 54. Freeman has also filed a motion requesting leave to file an Amended Complaint against the Medical Defendants. See Doc. 63. Both motions are opposed.

**Discussion**

**Reconsideration**

A motion for reconsideration is a device of limited utility. It may be used only to remedy manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). It has also been held that a motion for reconsideration is appropriate where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Based upon an application of the above stated factors and this Court's review of

the Plaintiff's reconsideration motion, his Complaint, and the March 5, 2102

Memorandum and Order, Freeman's pending reconsideration request does not present any

facts or arguments which would undermine this Court's prior determination that the

Medical Defendants were entitled to entry of dismissal. Rather Plaintiff's reconsideration

motion asserts only he should be allowed to file an amended complaint. See Doc. 55, p.

1.

Despite the liberal treatment afforded to *pro se* litigants, Freeman's sole contention

that he should be permitted to submit an amended complaint simply fails to establish the

presence of any errors of law or fact with would warrant reconsideration of the March 5,

2012 Memorandum and Order. Since the reconsideration motion also does not set forth

any newly discovered evidence or precedent which would affect this Court's prior

determination, it will be denied.

**Motion to Amend**

As previously noted, Plaintiff has also filed a motion seeking permission to file an

Amended Complaint against the Medical Defendants. Federal Rule of Civil Procedure

15(a) provides:

> **(a) Amendments Before Trial.**
> (1) **Amending as a matter of course.** A party may amend its pleading
> once as a matter of course within:
> (A)   21 days after serving it; or
> (B)   if the pleading is one to which a responsive pleading is
> required, 21 days after service of a responsive pleading or 21
> days after service of a motion under Rule 12(b), (e), or (f),

5

whichever is earlier.

Based upon an application of Rule 15(a) Plaintiff cannot file an Amended Complaint against the Medical Defendants as a matter of course because his motion to amend was not submitted within 21 days after service of the Medical Defendants' motion to dismiss. It is also noted that the Medical Defendants have opposed Freeman's proposed submission of an amended complaint.

Rule 15(a)(2) additionally provides that "[t]he court should freely give leave when justice so requires.". Furthermore, pro se litigants are afforded liberal treatment, Haines v. Kerner, 404 U.S. 519, 520 (1972), and *pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

This Court's review of the proposed Amended Complaint submitted by Freeman reveals that it does provide some additional factual specificity to the allegations set forth in the Original Complaint, primarily a vague assertion that he had high blood pressure. However, it does not cure the defects in the Original Complaint which are outlined in the Court's March 5, 2012 Memorandum and Order, Consequently, Plaintiff's motion will be denied based upon the standards announced in Alston.

An appropriate Order will enter.

**AND NOW**, to wit, this 22nd day of January 2013,, it is hereby **ORDERED** that:

1. Plaintiff's motion (Doc. 54) seeking reconsideration of this Court's March 5, 2012 Memorandum and Order is **DENIED**.

2. The Plaintiff's motion (Doc. 63) requesting permission to file an Amended Complaint against the Medical Defendants is **DENIED**.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**