# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES FREEMAN,** | : |
| **Plaintiff** | : |
| v. | : CIVIL NO. 3:10-CV-2502 |
| **NORTHUMBERLAND COUNTY** et al., | : (Judge Munley) |
| **Defendants** | : |

## MEMORANDUM

**Background**

James Freeman ("Plaintiff"), an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania filed his *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This action centers on Plaintiff's prior temporary confinements in the Northumberland County Prison, Sunbury, Pennsylvania. Remaining Defendants are the following Northumberland County Prison employees: Warden Roy Johnson; Deputy Warden Wheary; Correctional Officers Heater and Bordner; Lieutenants Keith Smink and J. Smink.

By Memorandum and Order dated March 5, 2012, a motion to dismiss by Defendants PrimeCare Medical, Inc. ("PrimeCare"), and three of its employees Vice President Francis J. Komykoski; Carolyn Hackenburg, L.P.N.; and Doctor Robert Hynick was granted. See Doc. 48. In addition, jurisdiction was declined with respect to any state

1

law claims against the Medical Defendants.

By Memorandum and Order dated March 20, 2012, a motion to dismiss by the other named Defendants was partially granted. <u>See</u> Doc. 53. Specifically, Plaintiff's claims of: (1) being denied access to the courts and (2) failure to be provided due process with respect to his segregated confinement placements were dismissed. However, Freeman's conditions of confinement and mail tampering claims were allowed to proceed.

By Memorandum and Order September 10, 2014, summary judgment was granted in favor of Defendants Northumberland County, and the following members of the County Prison Board: County Commissioners Frank Sawicki, Vinny Clausi, and Kurt Massner; District Attorney Anthony Rosini; Controller Charles Erdman; Judge Robert Sacavage; and Sheriff Chad Reiner. Summary judgment was also granted in favor of Warden Johnson; Deputy Warden Wheary; Correctional Officers Heater and Bordner; Lieutenants Keith Smink and J. Smink with exception of Plaintiff's mail tampering claim.

According to the Complaint, Freeman was confined for two weeks in the Northumberland County Prison during December, 2009. Plaintiff returned to that facility during June and July, 2010, for approximately four (4) weeks. Plaintiff states that he was sent back to the prison for a third time on August 8, 2010 and remained there until October, 2010.

Freeman's surviving claim maintains that his outgoing and incoming regular and legal mail was read by prison officials . The Complaint seeks nominal, compensatory and

punitive damages, as well as declaratory and injunctive relief.[1]

Remaining Defendants have filed a motion seeking entry of summary judgment with respect to the surviving mail tampering claim. See Doc. 102. The unopposed motion is now ripe for consideration.

**Discussion**

**Standard of Review**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

---

[1] This Court's March 5, 2012 Memorandum and Order concluded that Plaintiff's action to the extent that it seeks injunctive relief based upon actions which occurred during his prior confinements at the Northumberland County Prison was subject to dismissal on the basis of mootness.

3

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

M.D. Pa. Local Rule 7.6 provides that any party who fails to file an opposing brief shall be deemed not to oppose the motion. A review of the docket shows that Plaintiff has not submitted a response to the pending summary judgment motion. Accordingly, the motion shall be deemed unopposed.

Plaintiff's surviving claims contend that prison staff had an improper practice of reading and searching all outgoing regular and legal mail. See Doc. 6, ¶ 15. Freeman notes that legal mail which he sent to the Pennsylvania Supreme Court which was returned

4

for insufficient postage was opened outside of his presence before being given to him by Deputy Warden Wheary.  See id.

This Court's Memorandum and Order of March 20, 2012, concluded that Plaintiff had not set forth a viable claim of denial of access to the courts with respect to the alleged improper monitoring of legal mail.  See Doc. 53, p. 10.  However, the mail tampering claims were allowed to proceed to the extent that they asserted a denial of the prisoner's right to freedom of speech.  See id. at p. 14.

Defendants Johnson, Wheary, Keith Smink, Heater, Bordner, and J. Smink's request for summary judgment with respect to the mail tampering claims was denied by Memorandum and Order dated September 10, 2014 due to their failure to undertake an analysis as to whether the alleged reading of Plaintiff's mail was reasonably related to a legitimate penological interest of institutional security under the test developed by the Supreme Court in Procunier v. Martinez, 416 U.S. 396, 412 (1974).  See Doc. 98, p. 19.

Remaining Defendants' pending motion asserts that based upon the undisputed record, during the relevant time period the Northumberland County Prison "had a comprehensive policy in place relating to both incoming and outgoing inmate correspondence." Doc. 104, p. 5.  Moreover, there was only one instance where Plaintiff's incoming mail was opened outside of his presence and his outgoing mail was properly screened before it was sent out.

The Remaining Defendants argue that the single instance where Plaintiff's incoming

5

mail was read outside his presence does not rise to the level of a constitutional violation and the prison's mail monitoring procedures are constitutionally acceptable. As previously noted, Plaintiff has not opposed either pending summary judgment argument.

**Non-privileged Mail**

Interference with inmate non-legal mail may amount to a denial of free speech under the First and Fourteenth Amendments. Taylor v. Oney, 196 Fed. Appx. 126, 128 (3d Cir. 2006)( the opening of incoming legal mail outside of a prisoner's presence impinges upon the inmate's First Amendment rights.) The Court of Appeals for the Third Circuit in Hamm v. Rendell, 166 Fed. Appx. 599, 603 (3d Cir. 2006), stated that when district courts address claims of improper mail inspections and intrusive mail regulations or any actions involving outgoing inmate mail, the test developed by the Supreme Court in Turner v. Safley, 482 U.S. 78 (1987) and Procunier v. Martinez, 416 U.S. 396, 412 (1974), should be employed.

Specifically, courts should inquire as to whether the prison restriction or conduct relating to outgoing inmate mail furthered an important or substantial government interest unrelated to the suppression of expression, and whether the conduct was intrusive only to the degree necessary to protect that interest. Id.; see also, Nasir v. Morgan, 350 F.3d 366, 371-74 (3d Cir. 2003)(Procunier should be applied to outgoing prisoner correspondence issues).

Remaining Defendants have established that the Northumberland County Prison had a formal policy in place for the handling of both incoming and outgoing general inmate

6

correspondence. A copy of the relevant policy regarding the handling of inmate non-privileged mail has been submitted for review by the Court. <u>See</u> Doc. 103-4. The procedure provides that non-privileged mail may be opened, inspected and read for contraband, inappropriate content or other violation of prison rules or the law. Non-privileged mail is censored or rejected on a case by case basis and only for reasons based upon legitimate facility interests of order and security. The policy also includes a non-exhaustive list of inappropriate information which could cause such mail to be rejected, i.e; pornography, hate oriented material, instructions for bomb making, The screening may take place without the presence or knowledge of the inmate.

<u>In Turner</u> the United States Supreme Court concluded that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interest." <u>Id</u>. at 84-85, 89. <u>Turner</u>, set forth four factors to consider in reaching a decision: (1) is there a "'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it" (citation omitted), <u>Id</u>. at 89; (2) does the prisoner have alternate means of "exercising the right that remain open to prison inmates," <u>Id</u>. at 90; (3) what "impact" would "accommodation of the asserted constitutional right have on guards and other inmates, and on the allocation of prison resources generally," <u>Id</u>.; and (4) what "ready alternatives" to the prison regulation exist. <u>Id</u>. Under <u>Procunier</u> courts should inquire as to whether the prison restriction or conduct relating to outgoing inmate mail furthered an important or substantial government interest unrelated to the suppression of expression, and whether the conduct was intrusive

7

only to the degree necessary to protect that interest. Based upon this Court's review of the challenged non-privileged mail policy this Court agrees with Remaining Defendants contend that their policy is tailored to meet the requirements of Procunier as non-privileged mail is inspected only to ensure that it is free of contraband and inappropriate material. See Doc. 104, p. 14.

Once a moving party has satisfied its burden of identifying evidence which demonstrates an absence of a genuine issue of material fact, the nonmoving party is required by Federal Rule of Civil Procedure 56(e) to go beyond the pleadings by way of affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. See Celotex, 477 U.S. at 324; Childers v. Joseph, 842 F.2d 689, 694 (3d Cir. 1988).

In relevant part, Rule 56(e) states:

If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: ...
   (2)   consider the fact undisputed for purposes of the motion;
   (3)   grant summary judgment if the motion and supporting materials –including the facts considered undisputed–show that the movant is entitled to it.

When Rule 56(e) shifts the burden of proof to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial. Celotex, 477 U.S. at 324. If, however, "the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary

8

judgment must be denied even if no opposing evidentiary matter is presented." Advisory Committee Notes to F.R.C.P. 56(e)(1963 Amend.). Thus, a summary judgment motion may be granted if the Plaintiff fails to establish the existence of an element essential to his case. Robertson v. Allied Signal, Inc., 914 F.2d 360, 366 (3d Cir. 1990) citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Remaining Defendants have shown that the prison's non-privileged mail policy satisfies Turner and Procunier since its purpose to prevent the exchange of contraband and or information which would pose a threat to institutional security furthers legitimate governmental interests.

In light of Plaintiff's failure to oppose the pending motion, this Court agrees that Freeman has failed to satisfy his obligation under Childers and Celotex of coming forward with affirmative evidence to establish a genuine issue of material facts with respect to his vague claim of improper screening of non-privileged mail

For those same reasons, Plaintiff has also failed to establish the existence of an element essential to his case as contemplated under Robertson. As a result of his failure to produce evidence supporting his claim, Freeman's allegation that all of his incoming non-privileged mail was improperly screened is wholly conclusory and speculative. Pursuant to the standards set forth in Rule 56(e), entry of summary judgment in favor of the Remaining Defendants with respect to the withholding of non-privileged mail claim is appropriate.

**Privileged Mail**

This Court's Memorandum and Order of March 20, 2012, previously determined that Plaintiff had not set forth a viable claim of denial of access to the courts with respect to the alleged improper monitoring of legal mail. See Doc. 53, p. 10. However, Freeman's privileged mail tampering claims were allowed to proceed to the extent that they asserted a denial of the prisoner's right to freedom of speech. See id. at p. 14.

In Jones v. Brown, 461 F.3d 353, 359 (3d Cir. 2006), the Court of Appeals for the Third Circuit recognized that prisoners have a First Amendment right with respect to their legal mail and that "a state pattern and practice, or . . . explicit policy of opening legal mail outside the presence of the addressee inmate interferes with protected communications . . . and accordingly impinges upon the inmate's right to freedom of speech." The Court added that a prisoner litigant pursuing such a claim is not required to allege actual injury. See id.

It is undisputed that the Northumberland County Prison also had an established procedure for the handling of privileged/legal prisoner mail which provides for limited security inspections of outgoing legal mail. This policy (Doc. 103-4, Exhibit D) provided that incoming legal mail is opened only in the presence of the prisoner and inspected for contraband but is not read for content. It is undisputed that Plaintiff's deposition testimony indicates that only a single piece of his incoming legal mail was opened of his presence. See Doc. 88-2, p. 12. There are no specific claims relating to Freeman's outgoing legal mail.

Once again based upon an application of Turner and Procunier to the submitted copy

10

of the prison's policy regarding privileged mail, it is apparent to this Court that the policy which provides for only limited security inspections of privileged mail had a legitimate underlying penological objective, namely to prevent the exchange of contraband.

Remaining Defendants also correctly note that under Bieregu v. Reno, 59 F.3d 1445 (3d Cir. 1995), a single incident of opening legal mail outside an inmate's presence does not rise to the level of a constitutional violation. In Bieregu, the United States Court of Appeals for the Third Circuit previously addressed a charge that a piece of incoming court mail relating to an appeal had been damaged so that the plaintiff could not read it and the appeal was dismissed. The Third Circuit refused to "hold that a single instance of damaged mail rises to the level of constitutionally impermissible censorship . . . ." Bieregu, 59 F.3d at 1452.

The Bieregu court concluded that only "a pattern and practice" -- not a single incident of opening inmate court mail -- "of opening plaintiff's properly marked incoming court mail outside his presence impinges on his constitutional rights to free speech and court access." Id. at 1456. Remaining Defendants' unopposed argument that Plaintiff's claim that only a single piece of incoming privileged mail was opened outside of his presence is insufficient is the same type of scenario addressed and found to be insufficient in .Bieregu. Accordingly, for the same reasons expressed in Bieregu the request for summary judgment will also be granted with respect to the handling of Plaintiff's privileged/legal mail.

11

**Pendent Jurisdiction**

Plaintiff also indicates that he wishes to pursue state law claims of negligence, intention al infliction of emotion distress, assault and battery against the Defendants. See Doc. 1, pp. 1-2

It is well settled that federal courts have jurisdiction over state claims which are related to the federal claims and result from a common nucleus of operative facts. See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); Aldinger v. Howard, 427 U.S. 1, 9 (1976). Supplemental jurisdiction may be declined over a claim when the court has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3) (1997). When rendering a determination regarding pendent jurisdiction district courts should consider judicial economy, convenience, and fairness to the litigants. New Rock Asset Partners v. Preferred Entity Advancements, 101 F.3d 1492, 1505 (3d Cir. 1996)(citation omitted).

Once jurisdiction has been exercised over the state claim, elimination of the federal claim does not deprive the court of jurisdiction to adjudicate the pendent claim. Id. (citing Lentino v. Fringe Emp. Plans, Inc., 611 F. 2d 474, 479 (3d Cir. 1979)). However, if a federal claim is dismissed prior to trial, the district court should decline to decide the pendent state claims, "unless considerations of judicial economy, convenience, and fairness provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995). Since this Court has dismissed the federal claims against Defendants, jurisdiction will be declined with respect to any pendent state law claims that

Plaintiff wishes to pursue.  An appropriate Order will enter.


**BY THE COURT:**


**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**


**DATED: SEPTEMBER   15 , 2015**